for the Fifth Circuit, and mail a copy to each party of record.

    (Signed) DAN M. RUSSELL, JR.
          United States
          District Judge

Dated:  July 14, 1970

**UNITED STATES of America,**
**Plaintiff,**

v.

**HINDS COUNTY SCHOOL BOARD**
**et al., Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**The ENTERPRISE CONSOLIDATED SCHOOL DISTRICT and Quitman Consolidated School District, Defendants.**

**Nos. 28030, 28042.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1970.

David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for the United States.

Robert E. Covington, Quitman, Miss., for Enterprise Consolidated School Dist.

Tally D. Riddell, Quitman, Miss., for Quitman Consolidated School Dist.

Melvyn Leventhal, Jackson, Miss., for N.A.A.C.P.

Before BELL, THORNBERRY, and MORGAN, Circuit Judges.

PER CURIAM:

The findings of fact and recommendations (appended hereto), entered on July 17, 1970 by Honorable Dan M. Russell, Jr., United States District Judge, in the within matter with respect to modifying the student assignment plan now in effect in the Quitman Consolidated School District are approved and made the order of this court subject to the following condition. Assignments to the reading clinic to be established at the Shirley-Owens Elementary school shall be on objective and non-racial standards. See Wright v. Board of Public Instruction of Alachua County, Florida, 5 Cir., 1970, 431 F.2d 1200.

It is so ordered.

APPENDIX
FINDINGS OF FACT AND
RECOMMENDATIONS

On November 7, 1969, the Fifth Circuit Court of Appeals in consolidated

Causes Nos. 28030 and 28042 directed the immediate enforcement of permanent student and faculty assignment plans prepared by the Office of Education, Department of Health, Education and Welfare in approximately 30 school systems in the Southern District of Mississippi in order to effectuate the conversion of these school systems to unitary systems. This Order likewise provided a procedure by which a school board may seek a modification of said plan through an evidentiary proceeding before this Court. On May 11, 1970, and in conformance with said procedure, the board of trustees of the Quitman Consolidated School District, involved in Cause No. 1302(E) on the docket of this Court filed a petition to modify the HEW plan with respect to the grades assigned to the Shirley-Owens Elementary School.

Clarke County, Mississippi, is divided into two school districts, the Enterprise Consolidated School District and the Quitman Consolidated School District, the latter only being involved herein. Prior to the HEW plan, the Quitman school district included seven schools with grade assignments and attendance as follows:

| School | Capacity | | | Students | | |
|---|---|---|---|---|---|---|
| | Perm. W. | Ports. | Grades | W | N | T |
| Zack Huggins Hi | 700 | | 9-12 | 494 | 2 | 496 |
| Shirley-Owens Hi | 700 | 820 | 7-12 | 0 | 646 | 646 |
| Shirley-Owens Jr Hi | 570 | 660 | 1-6 | 0 | 530 | 530 |
| Quitman Upper Elementary | 570 | | 5-8 | 538 | 25 | 563 |
| Quitman Lower Elementary | 540 | 570 | 1-4 | 468 | 31 | 499 |
| Shubuta Elem. | 270 | | 1-6 | 0 | 256 | 256 |
| Stonewall Elem. | 210 | | 1-6 | 156 | 0 | 156 |
| Totals | 3560 | | | 1656 | 1490 | 3146 |

The first five listed schools are located in and around the City of Quitman, the Shubuta and Stonewall schools being in the environs. The HEW plan directed the closing of both Shubuta and Stonewall as sub-standard schools, assigning these students to the schools in Quitman, and projected the district assignment as follows:

| School | Capacity | | | Students | | |
|---|---|---|---|---|---|---|
| | Perm. W. | Ports. | Grades | W | N | T |
| Zack Huggins Hi | 700 | 700 | 10-12 | 333 | 302 | 635 |
| Shirley-Owens Hi | 700 | 820 | 7-9 | 453 | 355 | 808 |
| Shirley-Owens Elem. | 570 | 660 | 5-6 | 293 | 259 | 552 |
| Quitman Upper Elem. | 570 | 570 | 3-4 | 290 | 278 | 568 |
| Quitman Lower Elem. | 540 | 570 | 1-2 | 287 | 296 | 583 |
| | 3080 | 3320 | | 1656 | 1490 | 3146 |

After notice to all parties, a hearing was had on the board's petition on June 28, 1970, at which plaintiffs, the school board, and the United States of America, as amicus curiae, were represented by counsel.

The school board's petition, as orally amended at the hearing, seeks to eliminate the assignment of the sixth grade to Shirley-Owens Elementary School, by assigning this grade to Shirley-Owens High School, now serving grades 7-9; by assigning the 5th grade and only six sections of the 3rd grade to the Quitman Upper Elementary School now serving grades 3-4; and by adding two sections of grade 3 to the Quitman Lower Elementary School, now serving grades 1-2. The board proposes to use the Shirley-Owens Elementary School as a reading clinic for all students in grades 1-6 who are in need of specialized remedial reading. The school board contends that the proposed modifications are not racially motivated, but are sought to alleviate the impractical and unfeasible assignment of the 5th and 6th grade students to a school totally unsuitable to serve these grades. The entire proposal, showing changes in the names of some schools, is as follows:

1. Quitman Consolidated District High School, formerly Zack Huggins High School, to house all students in grades 10-12.

2. Quitman Consolidated District Junior High School, formerly the Shirley-Owens High School, to house all students in grades 6-9.

3. Quitman Upper Elementary School to house all students in grades 4-5 and six sections of grade 3.

4. Quitman Lower Elementary School to house all students in grades 1–2 and two sections of grade 3.

5. Quitman Consolidated School District Reading Clinic, formerly known as Shirley-Owens Elementary School, to house all students in grades 1–6 who are in need of specialized remedial reading.

The board's oral amendment of assigning part of the third grade to Quitman Upper Elementary and part to the Quitman Lower Elementary instead of the fifth grade, as proposed in the petition, eliminates one of plaintiff's objections to the board's proposal—that is, the assignment of a part of the 5th grade to a school housing grades 1–2. Plaintiff's other objections include: (1) the use of Shirley-Owens Elementary School as a special reading clinic would under-utilize that facility and will assure that the overwhelming majority of these students will be negro; (2) if Shirley-Owens Elementary School is closed, then the four remaining schools will be over-taxed; and (3) defendants propose to close Shirley-Owens Elementary primarily because it was formerly a negro school.

The school board offered one witness, T. E. Cotten, the district superintendent, in support of its proposal. Plaintiff offered no evidence, relying on cross-examination of Mr. Cotten.

With reference to the Shirley-Owens Elementary School, the building information reflected in the HEW plan shows 16 teaching stations with a permanent capacity for 570 students and, with portables, a maximum capacity for 660 students. The assignment of grades 5–6 contemplated an enrollment of 552 students, which would be within the stated capacity. However, Mr. Cotten denied the accuracy of the building information. He stated that this building actually has 14 teaching stations with a student capacity of 420, and, with the one portable classroom in location, a maximum capacity for 450 students, or a shortage of space for over 100 students under the HEW assignment. Only 361 students, all black, currently attend. Although

this fact in itself may indicate racial significance, and aside from the conflict in evidence as to whether or not the building is adequate to house the HEW assignment of 552 students, Cotten testified, uncontradictedly, to areas, other than housing, wherein this facility is neither suitable nor adequate for the 5th and 6th grades. The facility is located on a 5¼ acre site, part of which, as reflected by photographs on file herein, consists of an eroded hill side, unimproved and undersized as a playground. Although the school has an auditorium, it has no gymnasium nor cafeteria. In lieu of a cafeteria, transportation would be required for over 500 students to the nearest school having a cafeteria, for which neither transportation facilities nor time is available. On the other hand, as to the schools to which these students would be assigned under the board proposal, there are adequate facilities. Shirley-Owens High School, to which the 6th grade would be assigned, has both a gymnasium and a cafeteria, and is located on a 23 acre site. Both Quitman Upper Elementary, to which the 5th grade and a part of the 3rd grade would be assigned, and Quitman Lower Elementary, to which the remainder of the 3rd grade would be assigned, have cafeteria facilities and 15 acres, each, of playground. Contrary to plaintiff's contention, there is adequate space in the remaining schools for these proposed assignments. The current enrollment shows a drop in total attendance from 3146 to 2929 students. From this latter figure, approximately 400 will be assigned to Shirley-Owens for remedial classes. Exclusive of Stonewall, Shubuta, and Shirley-Owens Elementary schools, the capacity of the remaining schools is for 2660 students. An analysis of the board's proposed assignments shows sufficient space at each school to house the non-remedial students.

The Court finds that the school board has established sound educational and administratively feasible grounds for transferring the 5th and 6th grades from the Shirley-Owens Elementary

School in that its capacity and facilities are wholly inadequate for these grades. From a racial standpoint, each of the four graded schools will retain approximately the same racial mixture, and, as hereafter shown, Shirley-Owens Elementary School, as a reading clinic, will be integrated, whereas now it is not.

In transferring the 5th and 6th grades from Shirley-Owens Elementary School, the only grades currently assigned thereto, the board proposes to use this facility as a remedial reading school. For the past three years the school system has offered special reading classes for students in grades 1–4. Under the present proposal, this assistance will be extended to include grades 1–6. A recent "needs" study conducted by school officials, on file herein as an exhibit, reveals 181 blacks and 198 whites in grades 1–6 who need special assistance. The grades range from the largest group, 59 blacks and 66 whites in the 4th grade to 10 blacks and 28 whites in the 6th grade. There will be 9 black and 7 white teachers working with four to five students in a class at a time, requiring near maximum use of the building. The classes are and will be integrated. The school board intends to use any excess space at this school for administrative offices.

On the basis of the above testimony, this Court finds that the school board's proposals are based on sound educational and administratively feasible grounds.

Both plaintiffs and the school board agree, with respect to the oral amendment, on the soundness of assigning the 5th grade to the same school housing grades 3–4 rather than a portion of the 5th grade being assigned to the school housing grades 1–2, with which this Court agrees.

Accordingly, this Court recommends that the modifications requested by the Quitman Consolidated School, as set forth on page 3 herein be approved.

Recommended and signed in duplicate, the Clerk of this Court being directed to file one signed duplicate in his office and forward the other signed du-plicate to the Clerk of the U. S. Court of Appeals for the Fifth Circuit, and mail a copy to each party of record.

(Signed) DAN M. RUSSELL, JR.
United States
District Judge